IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICK MALCOLM d/b/a THE NURSERY AT TY TY, : : : Plaintiff, : : v. : : JASON ANDREW WILLIS, ERIC MATTHEW MUSGROVE, ROBERT JUSTIN THOMPSON, and JEREMY OWEN TANGREN, : : : : : : Defendants. : : | Civil Action No. 7:08-CV-31(HL) |

# ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 6). For the following reasons, Defendants' Motion is denied as moot.

**I.  BACKGROUND**

Plaintiff Patrick Malcolm is the owner of The Nursery at Ty Ty, a sole proprietorship. To market its products, Ty Ty maintains several websites. Defendants, former employees of Plaintiff's nursery, own a competing nursery business. Defendants also maintain several websites to market their nursery's products. According to Plaintiff, these websites use images and other content that was wrongfully obtained from Plaintiff. Also, Plaintiff alleges that after their separation from Ty Ty, Defendants repeatedly hacked Plaintiff's computer systems

1

to render Ty Ty's websites inoperable.

On February 28, 2008, Plaintiff filed a four-count Complaint (Doc. 1) against Defendants for copyright infringement, violations of the Computer Fraud and Abuse Act ("CFAA"), attorney fees pursuant to O.C.G.A. § 13-6-11, and punitive damages pursuant to O.C.G.A. § 51-12-51.  Subsequently, Defendants filed the Motion to Dismiss (Doc. 6) that is presently before the Court.  Defendants assert that Plaintiff's copyright infringement claim should be dismissed because Plaintiff has not registered his copyrights to the images at issue.  Defendants also contend that Plaintiff's CFAA claim should be dismissed because the Complaint does not contain any allegations that the CFAA's minimum damage requirement is met, or that Defendants damaged a "protected computer" under the CFAA.

To address the alleged deficiencies with his CFAA claim, Plaintiff filed an Amended Complaint on May 19, 2008 that contains allegations that the minimum damage requirement is met and that Defendants damaged a "protected computer." Contemporaneously with the filing of his Amended Complaint, Plaintiff filed his Response to Defendants' Motion to Dismiss (Doc. 13).  In the Response, Plaintiff contends that he does not need to register his copyrights to maintain this action because he is only seeking an injunction to prevent Defendants from continuing to infringe on those copyrights.  He also contends that Defendants' Motion is moot to the extent that it seeks dismissal of his CFAA claim because he filed an Amended Complaint that corrected the alleged deficiencies with that claim.

On June 5, 2008, Defendants filed a Reply (Doc. 15), arguing that Plaintiff is required to register his copyrights, regardless of whether he is only seeking an injunction. Defendants do not address Plaintiff's CFAA claim in the text of their brief, but in a footnote, they state that they will readdress that claim's deficiencies in a motion for summary judgment.

On September 24, 2008, Plaintiff filed a Second Amended Complaint (Doc. 20). In his Second Amended Complaint, Plaintiff alleges that he has registered his copyrights to the images at issue. In a Supplemental Response (Doc. 21) filed contemporaneously with his Second Amended Complaint, Plaintiff asserts that his registration of those copyrights renders moot Defendants' Motion to Dismiss his copyright claim.

## II. DISCUSSION

### A. Copyright Infringement Claim

Defendants seek dismissal of Plaintiff's copyright claim on the sole ground that Plaintiff has failed to register his copyrights. After Defendants filed their Motion to Dismiss, Plaintiff registered his copyrights. As a result, Defendants' Motion to Dismiss this claim is denied as moot.

### B. CFAA Claim

Defendants contend that Plaintiff failed to properly plead a CFAA claim because the Complaint does not allege that the CFAA's minimum damages

requirement is met, or that Defendants damaged a "protected computer." Plaintiff has filed an Amended Complaint that corrects these alleged deficiencies. Accordingly, Defendants' Motion to Dismiss this claim is denied as moot.

### III.	CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied as moot.

**SO ORDERED**, this the 27th day of January, 2009.

> *s/ Hugh Lawson*
> **HUGH LAWSON, Judge**

dhc